UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AMANDA ZOOK,

                              Plaintiff,                    3:22-CV-00510
                                                           (TJM/ML)
v.

RICHARD LEGENHOUSEN, Johnson
City Police Department; and BRIAN
BURDINE,[1]

                              Defendants.

_____

APPEARANCES:                                  OF COUNSEL:

AMANDA ZOOK
  Plaintiff, *Pro Se*
424 Pennsylvania Avenue #2
Waverly, New York 14892

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 3), a motion to appoint counsel (Dkt. No. 4), and a letter

(Dkt. No. 7) with medical records (Dkt. No. 8) to the Court for review.  For the reasons

discussed below, Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is

granted, her motion for appointment of counsel (Dkt. No. 4) is denied, her letter (Dkt. No. 7) and

her medical records are stricken from the docket, and I recommend that Plaintiff's Complaint

(Dkt. No. 1) be dismissed in its entirety with leave to amend.

_____

[1]      The Clerk of the Court is directed to add Brian Burdine as a Defendant to this action.

## I.      BACKGROUND

Liberally construed,[2] Plaintiff's Complaint—which includes form complaints pursuant to

(1) the Americans with Disabilities Act; (2) 42 U.S.C. § 1983; (3) *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (4) employment discrimination

based upon age; and (5) Title VII of the Civil Rights Act, as amended—asserts that her rights

were violated by Defendants Richard Legenhousen and Brian Burdine (collectively

"Defendants").  (*See generally* Dkt. No. 1.)  More specifically, the Complaint appears to allege

that on December 22, 2013, Plaintiff brought "someone to there [sic] mothers [sic] house" where

she was beaten, raped, drugged, and trafficked.  (*Id*.)  The Complaint alleges that Defendants

were "in on it" and that "the government is in a gang with the KKK."  (*Id*. at 8.)

The Complaint does not appear to assert any causes of action and does not indicate what

relief, if any, Plaintiff seeks.  (*See generally* Dkt. No. 1.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[3]  After reviewing Plaintiff's *in*

---

[2]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest.
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790
(2d Cir. 1994)).

[3]      The language of that section is ambiguous because it suggests an intent to limit
availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1)
(authorizing the commencement of an action without prepayment of fees "by a person who
submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts
have construed that section, however, as making *in forma pauperis* status available to any litigant
who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed.
Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*forma pauperis* application (Dkt. No. 3), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v.*

---

[4]     Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

*Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of

4

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Although Plaintiff completes her Complaint on form complaints for violations of (1) the Americans with Disabilities Act; (2) 42 U.S.C. § 1983; (3) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (4) employment discrimination based upon age; and (5) Title VII of the Civil Rights Act, as amended, Plaintiff fails to state a claim upon which relief may be granted pursuant to any of those legal bases.

With respect to Plaintiff's claim pursuant to the Americans with Disabilities Act ("ADA"), Plaintiff fails to allege facts plausibly suggesting that she is a qualified individual with a disability subject to the protections afforded by the ADA.  "District courts must conduct an individualized, fact-specific inquiry to determine whether a particular plaintiff is disabled under the ADA." *Curcio v. Bridgeport Bd. of Educ.*, 477 F. Supp. 2d 515, 519 (D. Conn. 2007).  The ADA defines a disability to be:

> (a)  a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (b)  a record of such impairment; or
>
> (c)  being regarded as having such an impairment.

42 U.S.C. § 12102(1).  As a result, to the extent that Plaintiff's Complaint is construed as alleging a claim pursuant to the ADA, I recommend that it be dismissed for failure to state a claim upon which relief may be granted.

With respect to Plaintiff's claim pursuant to 42 U.S.C. § 1983, I recommend that it be dismissed as untimely.  The statute of limitations for a § 1983 action accruing in New York is three years.  *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review.  *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint).  The conduct that Plaintiff's Complaint concerns appears to have occurred in 2013, more than three years before the commencement of this action.  As a result, any claim pursuant to 42 U.S.C. § 1983 is barred by the statute of limitations.

With respect to Plaintiff's claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), I recommend that it be dismissed as untimely.  "The statute of limitations for *Bivens* actions arising in New York is three years." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999).

With respect to Plaintiff's claim of employment discrimination based on age, Plaintiff fails to allege facts plausibly suggesting that she was an employee of Defendants.  (*See generally* Dkt. No. 1.)  Although Plaintiff's Complaint included the form complaint for actions alleging employment discrimination based on age, and thus, included the allegation that Plaintiff "is an employee within the meaning of 29 U.S.C. § 630(f)" and that Defendants are "an employer . . . within the meaning of 29 U.S.C. § 630(b)[,] (c)[,] and (d)," the factual allegations contained in

the Complaint do not plausibly suggest any employment relationship between Plaintiff and

Defendants.  (*Id.* at 6.)  The Court also notes that the form Complaint alleges that Plaintiff "is

within the age limits as prescribed by 29 U.S.C. § 631(a)," which states that the "prohibitions in

this chapter shall be limited to individuals who are at least 40 years of age."  (*Id.*); 29 U.S.C. §

631(a).  However, Plaintiff alleges that her date of birth is September 10, 1984, making her

thirty-seven years old as of the date of this order and report-recommendation and twenty-nine

years old at the time of the alleged acts.  (Dkt. No. 1 at 8.)  Further, the Age Discrimination

Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") "requires a litigant to file an EEOC charge

before initiating an age discrimination suit."  *Lyons v. New York Life Ins. Co.*, 20-CV-3120, 2022

WL 837202, at *11 (S.D.N.Y. Mar. 21, 2022) (citing 29 U.S.C. § 626(d)).  The "ADEA has a

300-day statute of limitations that runs from the date of the alleged unlawful employment

practice."  *Massaro v. New York City Dep't of Educ.*, 21-266-cv, 2022 WL 1788203, at *1 (2d

Cir. June 2, 2022).  Although Plaintiff alleges that she received a "Notice-of-Right-to-Sue letter"

from the EEOC on April 26, 2022, she failed to attach a copy to the Complaint as alleged in her

Complaint, and thus, the Court is unable to determine whether her claims are timely.  (Dkt. No. 1

at 6.)

        With respect to Plaintiff's claims pursuant to Title VII, individuals may bring Title VII

claims in federal court only after filing a timely charge with the EEOC and receiving an EEOC

right-to-sue letter.  42 U.S.C. § 2000e-5(e), (f); *see Legnani vv. Alitalia v. Linee Aeree Italiane,

S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Under . . . Title VII . . ., a claimant may bring suit in

federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue

letter.").  Plaintiff left blank the portion of the form-complaint where she was to indicate that she

"filed charges with the New York State Division on Human Rights, the New York City

7

Commission on Human Rights or Equal Employment Opportunity Commission regarding the
alleged discriminatory acts."  (Dkt. No. 1 at 8.)  Plaintiff also left blank the portion of the form-
complaint where she was to indicate the date that she received "the Equal Employment
Opportunity Commission['s] issued . . . Notice-of-Right-to-Sue letter."  (Dkt. No. 1 at 8; *but see*
Dkt. No. 1 at 6 [indicating that Plaintiff received a Notice-of-Right-to-Sue letter from the EEOC
on or about April 26, 2022].)  "Further, a right-to-sue letter is not attached to Plaintiff's
Complaint.  Accordingly, Plaintiff's Title VII . . . claims must be dismissed on the basis that the
right-to-sue letter is a precondition to bringing [the] claims in federal court." *Johnson v. Xylem
Inc*., 19-CV-0130, 2020 WL 1963125, at *2 (W.D.N.Y. Apr. 16, 2020) (citing *Constantine v. U-
Haul Int'l, Inc*., 15-CV-1204, 2015 WL 7272211, at *2 (N.D.N.Y. Nov. 16, 2015) (D'Agostino,
J.) (dismissing the plaintiff's Title VII claim where the plaintiff failed to demonstrate that she
received an EEOC right-to-sue letter); *Parker v. Mack*, 09-CV-1049A, 2010 WL 11507368, at
*3 (W.D.N.Y. Jan. 4, 2010) (holding that the plaintiff's Title VII claims were subject to
dismissal where the plaintiff did not submit a copy of his EEOC right-to-sue letter)).  Moreover,
Title VII provides that "[i]t shall be unlawful employment practice for an employer . . . to fail or
refuse to hire or to discharge any individual, or otherwise to discriminate against any individual
with respect to his compensation, terms, conditions, or privileges of employment, because of
such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a).  As set
forth above, Plaintiff does not allege facts plausibly suggesting that she is or was an employee of
Defendants.  (*See generally* Dkt. No. 1.)  As a result, Plaintiff fails to state a claim upon which
relief may be granted pursuant to Title VII.  *Jones v. Thomas*, 20-CV-5581, 2020 WL 5077026,
at *4 (S.D.N.Y. Aug. 27, 2020) (dismissing for failure to state a claim, the plaintiff's claims
pursuant to Title VII where the plaintiff did not allege that he is or was an employee of any of the

defendants); *Basora-Jacobs v. Palevsky*, 20-CV-1675, 2020 WL 3868710, at *2 (E.D.N.Y. July 10, 2020) (dismissing the plaintiff's Title VII claims because "[t]he complaint does not list Plaintiff's employer as a defendant in the case caption.").

Further, even applying special solicitude, the undersigned can identify no other law or statute under which Plaintiff can properly bring her claims at this time.

As a result, I recommend that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail herself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which she relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI.    PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 4.)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly

10

dubious." *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court

should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination will be the major
> proof presented to the fact finder, the indigent's ability to present the case,
> the complexity of the legal issues and any special reason in th[e] case why
> appointment of counsel would be more likely to lead to a just
> determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62

(2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a

particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899

F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

      In the present matter, the Court has recommended dismissal of the action.  As such, the

Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt.

No. 4) is therefore denied.

## VII.   PLAINTIFF'S LETTER

      On June 2, 2022, Plaintiff submitted a letter and medical records.  (Dkt. Nos. 7, 8.)  It is

unclear what relief, if any, Plaintiff's letter requests and what the grounds are for that relief.  As

a result, the Clerk of the Court is directed to strike Plaintiff's letter and accompanying medical

records.  (Dkt. Nos. 7, 8.)  Because Plaintiff's submissions are being stricken from the docket,

they will not be considered by the Court.

      **ACCORDINGLY**, it is

      **ORDERED** that the Clerk of the Court amend the docket to add Brian Burdine as a

defendant; and it is further

      **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 3) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court **STRIKE** Plaintiff's letter and medical records (Dkt. Nos. 7, 8); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June 10, 2022
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[5]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).